UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ILLINOIS NATIONAL INSURANCE CO., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:09CV58-PRC |
| ) | |
| IONUT M. TEMIAN, DARRELL L. HINES, ) | |
| JASON BROWN and ALFREDA BROWN, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings [DE 57], filed by Plaintiff Illinois National Insurance Company on August 4, 2010. Defendants Ionut Temian, Darell Hines, Jason Brown and Alfreda Brown each filed response briefs on September 7, 2010, and Plaintiff filed a reply brief on September 17, 2010. For the reasons set forth below, the Court grants the Motion.

**BACKGROUND**

On August 18, 2009, Plaintiff Illinois National Insurance Company ("Illinois National") filed a Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201(a) against Defendants Ionut Temian, Sunny Express, Inc., Darrell Hines, Jason Brown and Alfreda Brown, seeking a judicial declaration that neither Defendant Sunny Express, Inc. nor Defendant Temian qualify as insureds under the Illinois National policy issued to CDN Logistics Inc., which was a party in an underlying lawsuit brought by Defendants Jason and Alfreda Brown.

A Clerk's Entry of Default was issued against Sunny Express, Inc., on December 30, 2009. On April 28, 2010, all parties, with the exception of Sunny Express, Inc., filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and

to order the entry of a final judgment in this case. Sunny Express, Inc., was severed as a party defendant on April 29, 2010. This Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) as to all parties other than Sunny Express, Inc.

On August 4, 2010, Illinois National Insurance Company filed a Motion for Judgment on the Pleadings. This Motion is now fully briefed and before the Court.

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is evaluated by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citing *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004)). When addressing a motion for judgment on the pleadings, the Court must "view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quoting *N. Ind. Gun and Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (internal quotations omitted). When ruling on a 12(c) motion, the Court considers only the pleadings, which "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows,* 163 F.3d at 452.

## FACTUAL BACKGROUND

On February 17, 2007, two semi-trailers were involved in an accident on I-65 in Jasper County, Indiana. Defendants Hines and J. Brown were in one of the semi-trailers, and the other, a 2003 Freightliner Tractor Trailer Truck (the "2003 Freightliner"), was driven by Defendant Temian, acting as an independent contractor of Sunny Express, Inc.

At the time of the accident, Sunny Express held an insurance policy issued by National Indemnity Company ("NICO") in July 2006. It provided a schedule of covered autos, specifically listing three tractors and three trailers. The 2003 Freightliner involved in the accident was not listed under the NICO policy schedule. A federally mandated BMC-90 endorsement form, the predecessor to Form MCS-90, was attached to the NICO policy and dated May 30, 2006. At the time of the accident, CDN Logistics, Inc. ("CDN"), a common carrier, owned the trailer being hauled by Sunny Express's 2003 Freightliner, driven by Temian. CDN held a commercial auto policy issued by Plaintiff Illinois National, Policy No. TP989667801, effective from November 1, 2006, which contained an MCS-90 endorsement. Defendant Temian is not a named insured under either the NICO or the Illinois National policy.

Following the accident, Darrell Hines, Jason Brown and Alfreda Brown filed lawsuits against Sunny Express and Temian alleging that the accident was caused by Temian's negligent driving and seeking compensation for injuries and damages sustained as a result of the accident.

In the instant Motion, Plaintiff Illinois National requests an order entering judgment on the pleadings with respect to Defendants Temian, J. Brown, A. Brown, and Hines declaring that the Illinois National policy has no obligation to defend or indemnify Defendant Temian for the accident that is the subject of the underlying lawsuits. Defendants claim that the MCS-90 endorsement to the Illinois National policy insuring CDN triggers a duty on the part of Plaintiff Illinois National to indemnify Temian for liability arising out of injuries he negligently caused to members of the public on the grounds that he was a permissive user of the CDN trailer. Plaintiff Illinois National argues that Temian does not qualify as a named insured under the Illinois National policy, and therefore neither the underlying policy nor the MCS-90 endorsement create an obligation to him.

**ANALYSIS**

**A.      Choice of Law**

   1.      <u>Law Governing the Terms of the Illinois National Policy</u>

Plaintiff Illinois National, along with Defendants Hines and Temian, assert that Illinois law governs the interpretation of the insurance policy at dispute. Defendants J. Brown and A. Brown disagree, arguing that because a tort of negligence underlies this dispute, the law of Indiana, where the tort occurred, governs.

When a federal district court sits in diversity, it must determine the applicable substantive law based on the choice of law rules of its forum state. *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 915 (7th Cir. 1994). Therefore, the Court must apply Indiana choice-of-law rules. Under Indiana law, interpretation of insurance policies is a contract action for choice of law purposes, even when the cause of the underlying dispute sounds in tort. *Travelers Ins. Companies v. Rogers*, 579 N.E.2d 1328, 1330 (Ind. Ct. App.1991); *see also Am. Family Mut. Ins. Co. v. Williams*, 839 F.Supp. 579, 583 (S. D. Ind. 1993). In contracts cases, Indiana "applies only the law of the state with the most intimate contacts." *Nat'l Union Fire Ins. Co. v. Std. Fusee Corp.*, 940 N.E.2d 810, 815 (Ind. 2010) (citing *W.H. Barber Co. v. Hughes*, 63 N.E.2d 417, 423 (Ind. 1945)). In making this determination, the court considers the following factors: "(1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Id.* at 814 (citing Restatement (Second) of Conflict of Laws § 193 (1971)). In cases involving an insurance contract, courts applying Indiana law "first attempt to determine the principal

location of the insured risk. If the principal location of the insured risk can be determined, it is given more weight than other factors." *Id.* at 815-16 (citing *Dunn v. Meridian Mut. Ins. Co.*, 836 N.E.2d 249, 251 (Ind. 2005); Restatement (Second) of Conflict of Laws § 193 cmt. b (1971)).

The subject matter of the insurance policy issued to CDN is the trailer pulled by Sunny Express's truck, which was owned and operated by CDN, an Illinois company. The insurance premiums were paid in Illinois and the policy was delivered in Illinois. The insurer is also a citizen of Illinois with a principal place of business in Illinois. Therefore, all of the factors lead to a conclusion that the law of Illinois governs the insurance contract.

The Browns argue that the State of Indiana has the most significant contact with the collision that is the subject matter of the cause of action, and that therefore Indiana law applies. However, the instant Motion seeks the Court's interpretation of Plaintiff's insurance obligations on a contractual agreement. For choice of law analysis purposes, the court must limit its legal analysis to what the claim is "about." *Judge v. Pilot Oil Corp.*, 17 F. Supp. 2d 832, 834 (N.D. Ind. 1998) (citing *Hubbard Mfg. Co., Inc., v. Greeson*, 515 N.E.2d 1071, 1074 (Ind. 1987)). This cause does not involve the tort issue presented in the underlying suits, but is an action for declaratory judgment regarding insurance coverage. Therefore, Illinois law applies to the interpretation of the insurance contract.

2. Law Governing the Interpretation of MCS-90 Endorsement

All parties agree that federal law governs the interpretation of the MCS-90 endorsement. "[T]he meaning of words in a federal statute is a question of federal law." *Western Air Lines, Inc., v. Bd. of Equalization*, 480 U.S. 123, 129 (1987). In particular, "[f]ederal law applies to the operation and effect of [the MCS-90] endorsement[]." *Carolina Cas. Ins. Co. v. E.C. Trucking*, 396

5

F.3d 837, 841 (7th Cir. 2005) (quoting *John Deere Ins. Co. v. Nueva*, 229 F.3d 853, 856 (9th Cir.2000)).

**B.      Temian's Insurance Status Under the Illinois National Policy**

In order to determine whether Plaintiff Illinois National has an obligation to defend or indemnify Defendant Temian for the accident which is the subject of the underlying lawsuits, the Court must address: (1) whether Temian qualifies as an "insured" under the Illinois National policy with respect to claims set forth in the underlying lawsuits and (2) whether the MCS-90 endorsement to the Illinois National policy extends coverage to Temian.

1.      Reciprocal and Omnibus Coverage

Plaintiff Illinois National contends that the reciprocal coverage provision in the Illinois National policy bars Defendant Temian from coverage under the policy at issue. Defendant Temian argues that as an independent contractor for Sunny Express he was a permissive user of CDN's trailer and is therefore an insured under the Illinois National policy. However, Defendant Temian is only covered under the Illinois National Policy if that policy is required to have omnibus coverage or if he is insured under a primary auto liability policy that provides reciprocal coverage.

Automobile liability coverage for "any person driving the insured vehicle with the express or implied permission of the insured ... is commonly referred to as 'omnibus coverage,'" and is required by Illinois law for most vehicles. *State Farm Mut. Auto. Ins. Co. v. Hertz Claim Mgmt. Corp.*, 789 N.E.2d 407, 410 (Ill. App. Ct. 2003) (citing 625 Ill. Comp. Stat. 5/7-317(b)(2) (2000)). However, "the definition of motor vehicle liability insurance policies set forth in section 7-317, including the omnibus requirement in section 7-317(b)(2), does not apply to

commercial truckers regulated under the Commercial Transportation Law." *Zurich Am. Ins. Co. v. Key Cartage, Inc.*, 923 N.E.2d 710, 715 (Ill. 2009) (citing 625 Ill. Comp. Stat. 5/7-317(b)(2) (2006)). Thus, the insurance policies of commercial truckers, such as CDN Logistics, are not required to cover all permissive users, and may contain reciprocal coverage provisions. *Id.*

Plaintiff Illinois National's policy covering CDN does not contain omnibus coverage. Compl. Ex. 3 [DE 1]. Instead, it limits the scope of coverage, specifically defining "Who Is An Insured" as "a. You [CDN] for any covered 'auto' [or] b. Anyone else while using with your permission a covered 'auto' you own, hire or borrow..." Compl. Ex. 3 at 8 [DE 1]. The policy then establishes specific exclusions to coverage:

> None of the following is an "insured":
> a. Any "trucker" or his or her agents or "employees", other than you and your "employees":
> (1) If the "trucker" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.
> (2) If the "trucker" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are being used exclusively in the "truckers" business and pursuant to operating rights granted to the "trucker" by a public authority.

Compl. Ex. 3 at 9 [DE 1]. Therefore, in addition to policyholder CDN, the policy extends coverage to those using a covered CDN vehicle with permission, with the exception of truckers. The policy defines a "trucker" as "any person or organization engaged in the business of transporting property by 'auto' by hire." Compl. Ex. 3 at 19 [DE 1]. Accordingly, coverage is extended under the policy to non-employee truckers only if their insurance policies offer reciprocal coverage. In this case, then, Temian, a trucker, is only covered under the Illinois National Policy if he or the company he was driving for held an insurance policy that extends coverage to leased vehicles.

7

The NICO policy issued to Sunny Express that Temian claims is applicable to the 2003 Freightliner he was driving at the time of the accident is a limited policy covering a narrow group of "Specifically Described 'autos,'" defined as "[o]nly those 'autos' described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any 'trailers' you don't own while attached to any power unit described in Item Three)." Compl. Ex. 4 at 8, 11 [DE 1]. The NICO policy does not reciprocate coverage to lessee truckers, and therefore does not trigger Plaintiff Illinois National's duty to cover Temian under the policy issued to CDN.

Accordingly, Temian was not covered by the Illinois National policy. The policy did not contain nor was it required to contain an omnibus provision, and, even if the vehicle driven by Temian had been covered by the NICO policy, that policy did not trigger the reciprocal coverage provision in the Illinois National policy.

2. The MCS-90 Endorsement

The Defendants argue that even if the 2003 Freightliner wasn't covered by the NICO policy, the MCS-90 endorsement in the Illinois National policy issued to CDN applies to expand coverage to that vehicle. They argue that the endorsement creates a duty on the part of the insurer to indemnify a permissive user of an auto not covered by the underlying policy for injuries negligently caused to members of the public. Plaintiff Illinois National Insurance disagrees, arguing that the MCS-90 endorsement does not apply to Sunny Express or Temian, as neither of them are named insureds under the Illinois National policy.

Registered motor carriers are required to provide proof of financial responsibility in the amount of at least $750,000, and the MCS-90 endorsement is one of three ways in which a carrier

can satisfy the federally mandated financial responsibility. 49 U.S.C. § 31139(b); 49 C.F.R. § 387.7(d). The MCS-90 endorsement provides, in pertinent part:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability ... regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

Compl. Ex. 3 at 37 [DE 1].

The parties dispute the meaning of "the insured" in the MCS-90 endorsement. Plaintiff Illinois National argues that the plain language of the statutory form and guidance provided in 2005 by the Federal Motor Carrier Safety Administration ("FMCSA"), the agency given the authority to issue and enforce regulations pertaining to commercial motor vehicle safety, points to an understanding that "the insured" in the MCS-90 endorsement means the "named insured," and that the endorsement therefore does not extend coverage to anyone beyond the named insured. Defendants rely on a number of cases issued before the FMCSA Guidance for the proposition that the MCS-90 endorsement requires coverage of third parties or permissive users not covered under the primary insurance policy. *See, e.g., John Deere*, 229 F.3d 853; *Adams v. Royal Indem. Co.*, 99 F.3d 964 (10th Cir. 1996); *Lynch v. Yob*, 768 N.E.2d 1158 (Ohio 2002).

The federal regulation authorizing the MCS-90 endorsement as a method of satisfying the federal requirement for proof of financial responsibility defines "insured" as "the motor carrier named in the policy of insurance, surety bond, endorsement, or notice of cancellation, and also the fiduciary of such motor carrier." 49 CFR § 387.5. FMCSA guidance, issued in response to a request for clarification of the meaning of "insured" in Form MCS-90, defined "insured and

9

principal" as "the motor carrier named in the policy of insurance, surety bond, endorsement, or notice of cancellation, and also the fiduciary of such motor carrier" and emphasized that "Form MCS-90 ... [is] not intended, and do[es] not purport, to require a motor carrier's insurer or surety to satisfy a judgment against any party other than the carrier named in the endorsement or surety bond or its fiduciary." Federal Motor Carrier Safety Administration, *Regulatory Guidance for Forms Used To Establish Minimum Levels of Financial Responsibility of Motor Carriers*, 70 FR 58065-01 (October 5, 2005).

Courts addressing the meaning of "insured" in the MCS-90 endorsement since the FMCSA guidance have consistently held that the endorsement's coverage does not extend beyond the named insured. *See Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469, 477-478 (5th Cir. 2009); *Lancer Ins. Co. v. Hitts*, No. 5:09cv302, 2010 WL 5351842, at *6 -7, 2010 U.S. Dist. LEXIS 134881, at *17-19 (M.D. Ga. Dec. 21, 2010); *Sentry Select Ins. Co., v. Thompson*, 665 F.Supp. 2d 561, 565-68 (E.D. Va. 2009); *Armstrong v. United States Fire Ins. Co.*, 606 F.Supp. 2d 794, 808-26 (E.D. Tenn. 2009). This conclusion is consistent with the statute and regulations that the MCS-90 endorsement satisfies. As described above, carriers may choose one of three ways to fulfill their statutory financial obligations, including the MCS-90 endorsement, a surety bond, or an FMCSA authorization of self-insurance. 49 C.F.R. § 387.7(d). The requirement protects the public by ensuring there is at least $750,000 available for injury "resulting from negligent operation, maintenance, or use of the motor vehicle." 49 USCS § 31139(b), (c). CDN could have chosen to satisfy its obligations with a surety bond or self-insurance instead of the MCS-90 endorsement, either of which would ensure payment for a judgment against CDN only. It would be inconsistent

10

to reach a different result and expand the obligation in this situation simply because CDN chose the first option rather than one of the other two. *Sentry Select*, 665 F.Supp. 2d at 567.

In this case, the MCS-90 endorsement to Plaintiff Illinois National's policy insuring CDN does not require Plaintiff Illinois National to satisfy a judgment against Temian, as he is not named on the policy covering CDN Logistics, Inc.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Judgment on the Pleadings [DE 57]. The Court **DECLARES** that the Illinois National Policy No. TP989667801 issued to CDN Logistics, Inc., does not provide coverage for Ionut Temian for claims brought against him by Darell L. Hines, Jason Brown, or Alfreda Brown in the underlying lawsuits. The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Plaintiff Illinois National Insurance Co. and against Defendants Ionut M. Temian, Darrell L. Hines, Jason Brown, and Alfreda Brown as to all of its claims. The only claims remaining in this case are against Defendant Sunny Express, Inc., and any proceedings in this case involving Sunny Express, Inc., shall therefore be conducted by the assigned District Court Judge.

SO ORDERED this 23rd day of March, 2011.

    s/ Paul R. Cherry
    MAGISTRATE JUDGE PAUL R. CHERRY
    UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Defendant Temian, *pro se*
       Defendant Sunny Express, Inc.